UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE<br>KEITH A. WILCOX<br>ERIN K. WILCOX<br>Debtors | : | CHAPTER 11<br><br>CASE NO. 15-21328 jjt |
| JILL MARQUARDT – SCOLA<br>Plaintiff<br><br>v.<br><br>KEITH A. WILCOX<br>ERIN K. WILCOX<br>Defendants | : | Adv. Pro. No. 16-2061<br><br><br><br><br>September 20, 2016 |

ANSWER AND AFFIRMATIVE DEFENSES

The Defendants KEITH A. WILCOX and ERIN K. WILCOX, by and through their undersigned counsel, respectfully set forth their Answer and Affirmative Defenses to the Plaintiff's Complaint dated August 10, 2016 as follows:

ANSWER

1. Denied.
2. Admitted.
3. Admitted.
4. Admitted.

First Count (Keith Wilcox Only):

9. The Defendant admits affixing his signature to certain documents dated January 8, 2007. The Defendant further admits that those documents contain certain terms and provisions and that those documents, if they become evidence in this case, speak for themselves. The balance of Paragraph 9 is denied.

10. The Defendant admits affixing his signature to certain documents on January 8, 2007. The Defendant further admits that those documents, if they become evidence in this case, speak for themselves. The balance of Paragraph 10 is denied.

11. Denied.

12. The Defendant admits speaking to Attorney Daniel Baruti. The balance of Paragraph 12 is denied.

13. Denied.

<u>Second Count (Both Defendants)</u>:

18. The Defendants admit that Keith Wilcox restructured the mortgage on his real property located in South Kingstown, Rhode Island (the "Rhode Island Property"), and that an appraisal was obtained during that process and that such appraisal purports to value the subject property at $1,000,000.00. The balance of Paragraph 18 is denied.

19. The Defendants admit that they filed their petition in bankruptcy on July 29, 2015 and that the schedules and statements filed in this case speak for themselves. The Defendants further admit that no appraisal was obtained for the Rhode Island Property for the purpose of filing the schedules and statements for their bankruptcy case but that a comparative market analysis was obtained. The balance of Paragraph 19 is denied.

20. Denied.

21. Denied.

22. Denied.

23. The Defendants admit that they filed schedules and statements within their bankruptcy case and such schedules and statements speak for themselves. The Defendants further admit that they obtained no appraisal of the Pomfret Property for the purpose of filing schedules and statements for their bankruptcy case but did obtain a comparative market analysis. The balance of Paragraph 23 is denied.

24. Denied.

25. Denied.

26. Admitted.

27. The Defendants admit that they filed schedules and statements within their bankruptcy case and such schedules and statements speak for themselves. The balance of Paragraph 27 is denied.

28. The Defendants admit that they filed schedules and statements within their bankruptcy case and such schedules and statements speak for themselves. The balance of Paragraph 28 is denied.

29. The Defendants admit that Keith Wilcox's ownership interest in 1st American is very important to him. The balance of Paragraph 29 is denied.

30. The Defendants admit that Keith Wilcox derives significant income from 1st American. The balance of Paragraph 30 is denied.

31. Admitted.

32. The Defendant admits that Keith Wilcox cannot start a new company from scratch and immediately earn the same income that he presently earns. The balance of Paragraph 32 is denied.

33. The Defendants admit that Erin Wilcox is aware of the income earned by Keith Wilcox from 1st American and that she has an educational background in mathematics and that she understands the finances of 1st American. The balance of Paragraph 33 is denied.

34. The Defendants admit that they filed schedules and statements within their bankruptcy case and that such schedules and statements speak for themselves.

35. Denied.

Third Count (Both Defendants):

48. The Defendants admit that Keith Wilcox has continued to earn income from the 1st American after the Defendants filed their bankruptcy case. The balance of Paragraph 48 is denied.

49. Denied.

Fourth Count (Keith Wilcox Only):

54. The Defendants admit that at one point in time Keith Wilcox, the Plaintiff and Katalyn Borner were co-owners of 1st American. The Defendants further admit that the books and records of 1st American reflect the ownership percentages at each point of its existence. The balance of Paragraph 54 is denied.

55. The Defendants deny that 1st American is a lender. The balance of Paragraph 55 is admitted.

56. The Defendants admit that they anticipated that Keith Wilcox would be the sole owner of 1st American and the principal business originator.

57. Denied.

58. The Defendants admit that Keith Wilcox earned income from 1st American and that the business records and tax statements of 1st American and the Defendants reflect the amount of those earnings. The balance of Paragraph 58 is denied.

59. The Defendants admit that Keith Wilcox earned income from 1st American and that the business records and tax statements of 1st American and the Defendants reflect the amount of those earnings. The balance of Paragraph 59 is denied.

60. The Defendants admit that Erin Wilcox and others owned an interest in K of C, LLC and that such company owns or owned real property located at 286 Main Street, Danielson, Connecticut. The balance of Paragraph 60 is denied.

61. Denied.

62. Denied.

63. The Defendants admit that they affixed their signature to certain documents and that such documents speak for themselves. The balance of Paragraph 63 is denied.

64. The Defendants admit that they were close to the Scola family for many years and that Nicholas Scolas was the Wilcox family attorney and the attorney for 1st American for many years and continued to act as such in connection

with the transaction described in Paragraph 64. The balance of paragraph 64 is denied.

65. Denied.

66. Denied.

67. Denied.

68. The Defendants admit that the business records and tax statements and other documents of 1st American speak for themselves. The balance of Paragraph 68 is denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

Fifth Count (Keith Wilcox Only):

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

<u>Sixth Count (Both Defendants)</u>:

138. Denied.

139. Denied.

140. The Defendants admit that Erin Wilcox is familiar with the present finances of 1st American and takes care of the Wilcox family finances. The balance of Paragraph 140 is denied.

141. Denied.

142. The Defendants admit that they have never made a payment to the Plaintiff regarding the documents to which they affixed their signatures in January 2007. The Defendants further admit that the property referenced in Paragraph 142 of the Complaint was the subject of a foreclosure proceeding. The balance of Paragraph 142 is denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

<u>Seventh Count (Both Defendants)</u>:

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

<u>Eighth Count (Keith Wilcox Only)</u>:

220. The Defendant admits that he gave testimony at an examination pursuant to F.R.Bankr. P. 2004 in connection with his bankruptcy case. The balance of Paragraph 220 is denied.

221. Denied.

222. Denied.

223. The Defendant admits that he gave testimony at an examination pursuant to F.R.Bankr. P. 2004 in connection with his bankruptcy case. The balance of Paragraph 223 is denied.

224. The Defendant admits that he gave testimony at an examination pursuant to F.R.Bankr. P. 2004 in connection with his bankruptcy case. The balance of Paragraph 224 is denied.

225. The Defendant admits that he gave testimony at an examination pursuant to F.R.Bankr. P. 2004 in connection with his bankruptcy case. The balance of Paragraph 225 is denied.

226. Denied.

227. The Defendant admits that he gave testimony at an examination pursuant to F.R.Bankr. P. 2004 in connection with his bankruptcy case. The balance of Paragraph 227 is denied.

228. Denied.

Ninth Count (Both Defendants):

233. The Defendants admit that Keith Wilcox has earned income throughout the years. The balance of Paragraph 233 is denied.

234. The Defendants admit that 1st American has earned income and maintained positive cash flow. The balance of Paragraph 234 is denied.

235. The Defendants admit that Erin Wilcox handles the banking transactions for the Wilcox family in a way that makes it convenient and efficient for her to pay the Wilcox family living expenses and service debt obligations. The balance of Paragraph 235 is denied.

236. Denied.

Tenth Count (Both Defendants):

244. The Defendants admit that they never made provision for payment to the Plaintiff pursuant to the documents to which they affixed their signature in January 2007. The balance of Paragraph 244 is denied.

245. Denied.

246. Denied.

## AFFIRMATIVE DEFENSES

First Affirmative Defense:

The Plaintiff lacks standing to bring one or more of the claims of the Complaint.

Second Affirmative Defense:

One or more of the Plaintiff's claims is barred by the statute of limitations.

Third Affirmative Defense:

One or more of the Plaintiff's claims are barred by the doctrine of laches.

Fourth Affirmative Defense:

One or more of the Plaintiff's claims are barred by the doctrine of unclean hands.

Fifth Affirmative Defense:

One or more of the Plaintiff's claims fails to state a claim upon which relief may be granted.

THE DEFENDANTS,

By /s/ Gregory F. Arcaro

Gregory F. Arcaro, Esq. (ct19781)
GRAFSTEIN AND ARCARO, LLC
10 Melrose Dr.
Farmington, CT 06032
garcaro@grafsteinlaw.com
(860) 674-8003
(860) 676-9168 Fax

CERTIFICATE OF SERVICE

This is to certify that the foregoing was electronically filed with Court on September 20, 2016 and contemporaneously transmitted to all counsel and pro se parties of record via the Court's ECF/CM system, as follows:

Paul N. Gilmore, Esq.
Updike, Kelly & Spellacy, P.C.
100 Pearl Street
P.O. Box 231277
Hartford, CT 06123-1277
*pgilmore@uks.com*

/s/ Gregory F. Arcaro
Gregory F. Arcaro